UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: <br><br> American Bancorporation, <br><br> Debtor. | Bky. Case No. 14-31882 (KAC) <br><br> Chapter 11 |

**RESPONSE OF UNIVERSITY FINANCIAL CORPORATION TO THE DEBTOR'S MOTION TO SELL THE STOCK OF AMERICAN BANK OF ST. PAUL TO DEERWOOD BANK**

University Financial Corp. ("**University Financial**") respectfully submits this Response to the Debtor's Motion to Sell the Stock of American Bank of St. Paul (the "**Bank**") to Deerwood Bank ("**Deerwood**"). In support of its Response, University Financial states and alleges as follows:

1. At the 8:00 a.m. hearing before the Court on this matter this morning (December 11, 2014), the Court asked the debtor's counsel whether there was any disagreement whether the proposed sales to Deerwood and OSP, LLC ("**OSP**") were the highest and best bids.

2. The response given to the Court's question was incomplete. In fact, there was significant disagreement and prolonged (approximately two hours) and heated discussion and debate by the boards of both the debtor and the Bank as whether to accept: (a) the single bid of University Financial to acquire the shares of the Bank, including ACS; or (b) two separate bids – one by OSP to acquire ACS – and a second bid by Deerwood to acquire the Bank.

3. The question of the highest and best bid was hotly debated by the boards of the Bank and the debtor because the separation between the two sets of competing bids was only $100,000. Given the size of the proposed transaction (approximately $22,000,000), the $100,000 separation between the single bid of University Financial for the Bank (including ACS) and the

separate bids of OSP and Deerwood for ACS and the Bank was not a material separation. Indeed, potential increased transaction costs alone associated with the closing of two separate transactions with OSP and Deerwood can easily erode the small $100,000 margin separating the bids.

4. Because the economic separation between the competing bids was virtually non-existent, it was important to weigh and consider other factors when comparing the bids. Indeed, throughout the auction, the debtor repeatedly emphasized on the record that the highest bid was not necessarily the best bid. The following factors, among others, conclusively weigh in favor of accepting University Financial's single bid for the stock of the Bank:

a. The ease of closing a single transaction with a single party;

b. The higher likelihood that University Financial, which is a bank holding company for Sunrise Banks (formerly University National Bank, Park Midway Bank and Franklin Bank) will successfully obtain regulatory approvals for the proposed transactions involving the Bank and ACS;

c. The interests of the Bank's depositors would be better served by a sale to University Financial; and

d. The interests of the employees of the Bank and ACS would be better served by a sale to University Financial.

5. This Court has cautioned the debtor that the Court – not the debtor – will ultimately decide whether any proposed sale is in the best interest of the estate and whether any bid for the debtor's assets is the highest and best bid. The fact that the question of the highest and best bid was hotly debated by the boards of both the debtor and the Bank demonstrates that

there are many factors for this Court to consider, weigh and determine when assessing which of the competing bids is the highest and best bid.

6.    University Financial respectfully requests the Court to schedule an evidentiary hearing at a later date which will adequately allow the parties to prepare their evidence and witnesses so all relevant facts can be placed before the Court for its consideration.

Respectfully submitted,

Dated: December 11, 2014

**LAPP, LIBRA, THOMSON, STOEBNER & PUSCH, CHARTERED**

By: *s/Ralph V. Mitchell*
    Ralph V. Mitchell (#184639)
120 South Sixth Street, Suite 2500
Minneapolis, MN 55402
(612) 343-4962 (Direct)
rmitchell@lapplibra.com

9795723v1

3

## VERIFICATION

I, David C. Reiling, declare under penalty of perjury that I am the Chief Executive Officer of University Financial Corp., that I have read the foregoing document, and that the factual information contained therein is true and correct according to the best of my knowledge, information, and belief.

Dated: December 11, 2014

_____
David C. Reiling

## VERIFICATION

I, Nichol Beckstrand, declare under penalty of perjury that I am the President of University Financial Corp., that I have read the foregoing document, and that the factual information contained therein is true and correct according to the best of my knowledge, information, and belief.

Dated: December 11, 2014

*/s/ Nichol Beckstrand*
Nichol Beckstrand